IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JACK A. KOERNER, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. AMD 05-2222 |
| | : | |
| INTERNAL REVENUE SERVICE, | : | |
|     Defendant | : | |

...o0o...

MEMORANDUM

This ostensible tax refund action by Jack Koerner, acting pro se, was filed on August 11, 2005. The court held a hearing on May 8, 2006, and, based on its rulings made on the record in open court, issued an order on that same date dismissing the claims against the individual defendants and granting plaintiff leave to file an amended complaint within 30 days. Plaintiff filed the amended complaint but the amended complaint was submitted as an *attachment* to correspondence and was not docketed as such. Finally, pursuant to the court's order of March 15, 2007, the IRS has filed a response to the amended complaint, namely, a motion to dismiss.

Pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), the Clerk advised plaintiff of the requirements of the rules, and, on April 19, 2007, plaintiff filed a response to the motion to dismiss, consisting of some 36 or 37 pages of various documents, containing myriad protestations of the IRS's unfairness in its treatment of plaintiff. The court is hard-pressed to make sense of plaintiff's theories of the case. Plaintiff alleges, for example, in his opposition to the motion to dismiss:

> Petitioner's life and his family have been damaged by the direct actions of the Internal Revenue Service. The Internal Revenue Service actions have generated legal barriers blocking the Petitioner's ability to use sensible, rational, and prudent financial solutions for financial emergencies, involving

life necessities, to pay required federal and state taxes, and live a life as other citizens enjoy.

For its part, defendant offers the following explanation of its understanding of the case:

> As in the original complaint, the amended complaint seeks various relief pertaining to plaintiff's income tax liabilities for 1990 through 1996, including directing the Internal Revenue Service to accept -- apparently without question -- all statements and documents plaintiff has presented about those liabilities, relief from the liens and levies the Service has used to collect them, and damages for trying to collect them. (See Am. Compl. at 15-16.) None of the requested relief is available.
> As a preliminary matter, plaintiff does not cite any statutes which would give this Court jurisdiction. As the sovereign, the United States cannot be sued without its express consent. *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Shaw*, 309 U.S. 495, 500-01 (1940). Plaintiff has not directed the Court's attention to any statute which would provide an avenue for the relief he seeks.
>
> \*   \*   \*
>
> Finally, it should be noted that plaintiff has already challenged the liens and levies in the United States Tax Court. *Koerner v. Commissioner*, No. 15549-03 L (U.S.Tax Ct.) Those collection activities were upheld by the Tax Court, in a decision to which plaintiff stipulated.

The court is constrained to agree with defendant that plaintiff has failed to state a claim within the jurisdiction of this court. Accordingly, the motion to dismiss shall be granted. An order follows.


Filed: April 24, 2007               /s/
                                    ANDRÉ M. DAVIS
                                    United States District Judge